IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONALD WASHINGTON, JR.,

Defendant.                                                No. 12-cr-30059-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before this Court is defendant's motion to set aside and vacate judgment (Doc. 62). Defendant claims the Court's judgment (Doc. 43) should be void because the grand jury failed to indict him within the 30 day time required under 18 U.S.C. § 3161(b).

The Court finds that defendant's motion must be denied for lack of jurisdiction. Defendant filed a notice of appeal (Doc. 45) and the record on appeal was transmitted to the Seventh Circuit Court of Appeals (Doc. 57) for disposition. Accordingly, defendant's filing of the notice of appeal transferred jurisdiction over this matter from this Court to the United States Court of Appeals for the Seventh Circuit.

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Kusay v. U.S.*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court." *Id.* at 194. "Until the mandate issues, the case is ' in' the court of appeals, and any action by the district court is a nullity." *Id.* This rule applies only to those aspects of the case involved in the appeal. *Id.*

Here, defendant's motion is directed to the merits of the order from which he appeals. Thus, the motion falls squarely within the holding of *Kusay*. As that Court explained, "jurisdiction is power to act, and it is essential to have clear rules that define who . . . possesses this power." *Id.* at 194. Consequently, this Court lacks jurisdiction while defendant's appeal is pending in the circuit court of appeals. Therefore, this Court **DENIES** Washington's motion (Doc. 62), because this Court lacks jurisdiction over this matter until the appellate mandate has been issued.

**IT IS SO ORDERED.**

Signed this 11th day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.11
14:12:08 -05'00'

**Chief Judge**
**United States District Court**