IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           No. 3:12-cr-30059-DRH

RONALD WASHINGTON,

    Defendant.

## ORDER

**HERNDON, District Judge:**

### INTRODUCTION

Defendant Ronald Washington filed a motion under Fed.R.Civ.P. 60(b) seeking to have the judgment of conviction vacated on the basis that his criminal conviction is void for want of jurisdiction (Doc. 70). Defendant relies upon a Seventh Circuit opinion that held magistrate judges do not have statutory authority under the Federal Magistrates Act to accept felony guilty pleas. *See United States v. Harden*, 758 F.3d 886, 888 (7th Cir. 2014). For the reasons discussed herein, the motion is dismissed for lack of jurisdiction.

### BACKGROUND

On August 9, 2012, defendant entered into a written plea agreement with the United States Attorneys' Office for the Southern District of Illinois and pleaded guilty to count 1 of the indictment. Magistrate Judge Stephen C. Williams took the plea after the parties consented to the same. Washington was sentenced by the undersigned judge on November 16, 2012. On August 25, 2014, the defendant

filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (14-cv-933-DRH). In his 2255 petition, defendant asserted that *Harden* applied retroactively and barred his plea of guilty. He also raised claims of ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. On September 18, 2015, the Court denied defendant's 2255 petition and dismissed the action with prejudice. An appeal is presently pending.

## ANALYSIS

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). *See also United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) ("once a criminal case ends in a sentence[,] the judge's power lapses."); *Id.* ("A post-judgment motion needs a source of authority for the judge to act." ).

Here, defendant cites to no statute or case law that would allow the Court to consider his motion. Fed.R.Civ.P. 60(b), upon which defendant relies in his motion, is a rule of *civil* procedure and provides no authority to modify a *criminal* judgment, *See United States v. Grifin*, 84 F.3d 820, 826 n. 4 (7th Cir.1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider ... [t]here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration."); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)

(stating that Rule 60(b) does not provide for relief from judgment in a criminal case).

Moreover, given defendant's prior 2255 petition, the defendant's Rule 60(b) motion, which reasserts a challenge to the validity of his criminal conviction, is subject to dismissal for lack of jurisdiction as an unauthorized successive postconviction claim. *See United States v. Scott,* 414 F.3d 815 (7th Cir. 2005). Additionally, because the defendant's motion presents claims for relief from the underlying criminal judgment rather than challenging some procedural defect in the habeas action, the same would be true if the present motion had been filed in the defendant's habeas proceeding. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006).

## CONCLUSION

Accordingly, for the reasons discussed herein, the Court does not have jurisdiction to consider the defendant's motion (Doc. 70) and **DISMISSES** it for lack of jurisdiction.

**IT IS SO ORDERED.**

**Signed this 26th day of May, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.05.26 16:13:44 -05'00'

**United States District Court Judge**